UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FELICIA LYONS,

       Plaintiff,                  **Case No.:**

v.

HARTFORD LIFE AND ACCIDENT INSURANCE CO.,

       Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, FELICIA LYONS (hereinafter, "Plaintiff"), by and through the undersigned attorney, and files this Complaint stating a cause of action against Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE CO.. (hereinafter, "Defendant"/"Hartford"), and alleges as follows:

1. This is an action for recovery of benefits under an employee welfare benefit plan brought pursuant to 29 U.S.C. Section 1001, Et Seq. ("ERISA"). Plaintiff seeks to recover benefits she claims are due to her under the ERISA governed plan pursuant to 29 U.S.C. §1132(a)(1)(b) ("ERISA"). More specifically, Plaintiff seeks long-term disability benefits under her former employer's group policy issued by Defendant which she claims has been wrongfully denied.

## PARTIES

2. Plaintiff, Felicia Lyons, is and at all times material hereto was, an adult resident citizen of Florida, and resident of Escambia County, Florida.

3. Defendant is, and at all times material hereto was, a foreign for-profit corporation incorporated under the laws of the State of Connecticut and authorized to engage and engaging in business within the State of Florida, including the Northern District of Florida.

4. At all times relevant to this action, Defendant provided insurance Long-Term Disability ("LTD") Benefits, along with other benefits, to Plaintiff pursuant to policy number GLT 395110.

5. At all times relevant to this action, the Plan was in full force and effect and Plaintiff was a Plan participant.

6. Defendant is in possession of all master Plan Documents.

7. Defendant is a third party plan administrator or claims fiduciary given discretion to interpret Plan provisions and is a Plan fiduciary, or alternatively, is a Plan fiduciary without discretion to interpret Plan provisions.

## BASIS FOR JURISDICTION

8. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. Section 1132(e) and 28 U.S.C. Section 1331.

## FACTS APPLICABLE TO ALL COUNTS

9. Plaintiff purchased through her employer, Grifols Shared Services North America, Inc., a contract of salary continuance insurance including LTD benefits and other benefits.

10. On or before January 16, 2019, Plaintiff became totally disabled from her past employment as defined by the Plan, due to her limitations resulting from anxiety, chronic neck, back, and shoulder pain and other exertional and non-exertional impairments.

11. Plaintiff made application for LTD benefits and all other available benefits to the Defendant on July 11, 2019.

12. By way of a letter dated November 5, 2019, Hartford communicated to Defendant that all LTD benefits and all other benefits were denied.

13. Plaintiff timely appealed the termination of these benefits by letter dated January 24, 2020.

14. By letter dated January 29, 2020, Defendant confirmed the receipt of

Plaintiff's LTD appeal.

15.   By letter dated August 7, 2020, Hartford denied the appeal of these benefits.

16.   Plaintiff continues to suffer from limitations due to anxiety, chronic back, neck, and shoulder pain, as well as other exertional and non-exertional limitations, that prevent her from performing her "Own occupation" as defined under the Plan nor "Any occupation" as defined by the plan.

17.   Plaintiff has exhausted all available administrative remedies afforded by the Plan and has otherwise complied with all conditions precedent to this action.

18.   Each of Defendant's denials of Plaintiff's claim for LTD benefits and all other available benefits  was arbitrary and capricious, constituted abuse of Defendant's discretion under the Plan, and derogated Plaintiff's right to disability benefits and any other benefits under the terms of the Plan.

WHEREFORE, Plaintiff prays for a judgment against the Defendant for all Plan benefits owing at the time of said judgment, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated this August 20, 2020.

Respectfully submitted,

*/s/ Daniel M. Soloway*
Daniel M. Soloway, Esq.
Florida Bar No.: 508942
d.soloway@solowaylawfirm.com
*/s/ R. Ian MacLaren*
R. Ian MacLaren, Esq.
Florida Bar No.: 47743
i.maclaren@solowaylawfirm.com
Soloway Law Firm
1013 Airport Blvd
Pensacola, FL 32504
(850) 471-3300 (T)
(850) 471-3392 (P)
Counsel for Plaintiff